1 | KATHRYN KENEALLY
Assistant Attorney General

2

G. PATRICK JENNINGS
3 | Trial Attorney, Tax Division
U.S. Department of Justice
4 | P.O. Box 683
Ben Franklin Station
5 | Washington, D.C.  20044-0683
guy.p.jennings@usdoj.gov
6 | Telephone: (202) 307-6648

7 | BENJAMIN B. WAGNER
United States Attorney, Eastern District of California
8 | Of Counsel

9 | Attorneys for the United States of America

10

IN THE UNITED STATES DISTRICT COURT FOR THE
11 | EASTERN DISTRICT OF CALIFORNIA

12

| UNITED STATES OF AMERICA, | Case No. |
|---|---|
13 |

Plaintiff, | **UNITED STATES' COMPLAINT FOR
14 | | PERMANENT INJUNCTIVE RELIEF AND
v. | TO REDUCE TAX ASSESSMENTS TO
15 | | JUDGMENT**

ABOLGHASSEM (ABE) ALIZADEH;
16 | MEHRAN (MIKE) ALIZADEH;
AZITA ALIZADEH;
17 | MITRA ALIZADEH;
SUEDE BLUE INC.;
18 | LAKE ORTA CORPORATION;
VOYAGER RESTAURANT GROUP, INC.;
19 | CAPITAL CITY CONCEPTS, INC.;
NORTH VALLEY FOOD SERVICE LLC;

20

Defendants.
21 | _____

22

23

-1-                          *U.S. Complaint*

1.       Plaintiff, the United States of America, brings this civil action against defendants, Abolghassem Alizadeh ("Abe Alizadeh") and the other named defendants to obtain a permanent injunction requiring the defendants to comply with federal employment tax laws.  In particular, the United States seeks a permanent injunction to require all defendants to timely file employment tax returns; to timely deposit with and pay to the Internal Revenue Service the federal employment taxes they owe; and not to make any payment or transfer any property until taxes withheld from its employees' paychecks are paid over to the United States.  The United States seeks a permanent injunction against the Alizadeh defendants to ensure that they cannot avoid the Court's injunction against the corporate defendants by starting another business.  The United States also brings this action to reduce to judgment federal employment, income, or Trust Fund Recovery Penalty tax assessments against each defendant.

**Jurisdiction, Venue, and Parties**

2.       Pursuant to 26 U.S.C. § 7401, this action is filed with the authorization of, and at the request of, the Secretary of the Treasury of the United States, acting through his delegate, the Chief Counsel of the Internal Revenue Service.  The United States' Complaint is filed at the direction of the Attorney General of the United States.

3.       The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7401 and 7402(a).

4.       Suede Blue Inc.; Lake Orta Corporation; Voyager Restaurant Group, Inc.; Capital City Concepts, Inc.; and North Valley Food Service, Inc. are referred to collectively as the "Corporate Defendants."

5.       Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because the Corporate Defendants and individual defendants are located within this judicial

district and because a substantial part of the events or omissions giving rise to the United States'
claims occurred in this judicial district.

6.      The Corporate Defendants were formed as California corporations.

7.      The principal place of business of each Corporate Defendant is located within this
judicial district.

8.      Defendants Abe Alizadeh, Meran Alizadeh ("Mike Alizadeh"), Azita Alizadeh, and
Mitra Alizadeh (collectively the "Alizadeh defendants") are individuals and siblings who reside in
this judicial district.

9.      On information and belief, the Alizadeh defendants are among those who make the
important financial decisions for each of the Corporate Defendants.

**Defendants' Persistent Failure To
Comply With Federal Employment Tax Laws**

10.     The defendants are engaged primarily in the restaurant business.  The current operating
entities are Capital City Concepts (two Sonic franchises), Suede Blue, Inc. (Suede Blue
restaurant), Voyager Restaurant Group, Inc. (Sonic franchise), North Valley Food Service LLC
(Sonic franchise) and Lake Orta Corporation, Inc. (Crush 29 restaurant).  It is not unusual for the
Alizadeh family to transfer restaurants to different entities or to claim they are owned by different
entities.

11.     The Corporate Defendants have employees. Many other entities controlled by the
Alizadehs are now defunct and insolvent (although that past activity generated Trust Fund
Recovery Penalties claimed herein).  Only the active businesses have been named as defendants.

12.      Under 26 U.S.C. §§ 3102 and 3402, the Corporate Defendants, as employers, are
required to withhold federal income taxes and Federal Insurance Contribution Act (FICA) taxes
from their employees' wages.

13.     Under 26 U.S.C. § 7501, the Corporate Defendants, as employers, are required to hold in trust for the United States the withholdings described in the previous paragraph.

14.     Under 26 U.S.C. § 3111, the Corporate Defendants, as employers, are required to pay a FICA excise tax on their employees' wages.

15.     Under 26 U.S.C. § 6302 and 26 C.F.R. § 31.6302-1, the Corporate Defendants, as employers, are required to make semi-weekly deposits of the taxes described in paragraphs 12 and 14 with the IRS.

16.     Under 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. §§ 31.6011(a)-1, 31.6011(a)-4, and 31.6071(a)-1, the Corporate Defendants, as employers, are required to file Form 941 quarterly employment tax returns.   These returns are required to report the amounts of income and FICA taxes withheld from the Corporate Defendants' employees' wages, as well as the Corporate Defendants' own FICA taxes.  The returns must be filed by the last day of the first month following the end of the tax period.

17.     Under 26 U.S.C. § 3301, the Corporate Defendants, as employers, are required to pay a Federal Unemployment Tax Act (FUTA) excise tax on its employees' wages.

18.     Under 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. §§ 31.6011(a)-3 and 31.6071(a)-1, the Corporate Defendants, as employers, are required to file Form 940 annual employment tax returns.  These returns are required to report the amount of the Corporate Defendants' FUTA tax for the preceding year.  The returns must be filed by the last day of January of the following year.

19.     Under 26 U.S.C. § 6151 and 26 C.F.R. § 31.6151-1, the Corporate Defendants, as employers, are required to pay any balance shown on an employment tax return without assessment, or notice and demand, from the IRS.  They are required to pay the balance no later than the due date of the return.

20.     The Corporate Defendants have had the legal duties described in paragraphs 12 to 19 since they began operating, and they continue to have those duties.

21.     For many years, the Corporate Defendants have generally filed their federal employment tax returns in a timely manner but have failed to deposit all of the amounts shown due on the returns.  Frequently checks were deposited but were drawn on insufficient funds and the credits were reversed and penalties incurred.  The unpaid balances are shown in the tables set forth below.

22.     Alizadeh family members have access to the cash registers in the restaurants operated by defendants and have removed cash from said registers.

23.     The IRS has met with the Alizadeh defendants on several occasions to discuss the Corporate Defendants' failure to comply with the federal employment tax laws.

24.     The Alizadeh defendants and the Corporate Defendants are aware of their obligations under the federal employment tax laws but continue to refuse to comply with them.

25.     The IRS sent letters to the defendants warning that it intended to take collection action. The IRS filed notices of federal tax lien and served levies on the defendants.  This collection action did not result in the full collection of the balances due set forth below.

26.     The IRS considered foreclosing on the liens, but the assets of the defendants are not sufficient to make a substantial payment against the tax liabilities once the costs of sale are subtracted from the proceeds.

27.     The IRS has assessed trust fund recovery penalties against defendants pursuant to 26 U.S.C. § 6672 to collect tax withheld from the employees, but not paid over to the United States. However, the IRS has been unable to collect sufficient funds to pay the defendants' employment tax obligations.

28.    The IRS has not been able to bring defendants into compliance with the federal tax laws through administrative action.

29.    Based upon their repeated failures to pay employment taxes when due, and upon their refusal to do so even when compliance was repeatedly demanded by the IRS, the defendants are likely to continue to violate federal employment tax laws absent injunctive relief.

**FIRST CLAIM FOR RELIEF: INJUNCTION UNDER 26 U.S.C. § 7402(a)**

30.    The United States incorporates by reference the allegations in paragraphs 1 through 29.

31.    26 U.S.C. § 7402(a) authorizes the district courts to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if other remedies are available to the United States.

32.    The defendants interfere with the administration of the federal employment tax laws by continually failing to pay their employment tax obligations as required by 26 U.S.C. §§ 3102(a), 3111, and 3402.

33.    The United States is required by law to credit the defendants' employees with having paid FICA and federal income taxes when that money is withheld from their paychecks even though the defendants failed to remit the funds to the United States.

34.    Because administrative collection actions will not fully pay the employment tax obligations and because the defendants continue to incur additional employment tax obligations that administrative collection actions cannot satisfy, the United States lacks an adequate remedy at law.  The United States will suffer irreparable harm as a result of defendants' ongoing conduct in the absence of injunctive relief.

35.    The defendants will suffer no cognizable harm by being required to comply with the federal employment tax laws.

36.     An injunction in this case will serve the public interest.  The federal tax system relies upon employers to collect and remit their employees' income and FICA taxes.  Defendants' failure to comply with the federal tax laws undermines their efficacy.  It also acts as an involuntary subsidy of the defendants by the taxpayers of the United States to the disadvantage of defendants' law-abiding competitors.

37.     In the absence of an injunction and the Court's ability to enforce compliance through its contempt powers, defendants are likely to continue to obstruct and interfere with the internal revenue laws to the detriment of the United States.

### SECOND CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS MADE PURSUANT TO 26 U.S.C. § 6672 AGAINST ABE ALIZADEH

38.     The United States incorporates by reference the allegations contained in paragraphs 1 through 37.

39.     Abe Alizadeh was a person required to collect, truthfully account for, and pay over withheld trust fund taxes due and owing from the employers and for the tax periods identified in the tables set forth below in paragraph 41.

40.     Abe Alizadeh willfully failed to collect, truthfully account for, and pay over trust fund taxes due and owing from the employers and for the tax periods identified in the tables set forth below in paragraph 41.

41.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Abe Alizadeh, pursuant to 26 U.S.C. § 6672 as a result of his willful failure to collect, truthfully account for, and pay over to the United States taxes required to be withheld from wages paid to the employees of the following employers:

**Central Valley Food Services Inc. (Abe)**

| Tax | Period | Date Assessed | Amount Assessed |
|-----|--------|---------------|-----------------|
| I.R.C. § 6672 | 03/31/2007 | 08/24/2009 | $208,503.27 |
| I.R.C. § 6672 | 06/30/2007 | 08/24/2009 | $115,076.17 |
| I.R.C. § 6672 | 09/30/2007 | 08/24/2009 | $211,770.65 |
| I.R.C. § 6672 | 12/31/2007 | 08/24/2009 | $328.22 |
| I.R.C. § 6672 | 06/30/2008 | 08/24/2009 | $105,824.36 |
| I.R.C. § 6672 | 09/30/2008 | 12/26/2011 | $170,837.92 |
| I.R.C. § 6672 | 12/31/2008 | 01/02/2012 | $211,630.64 |
| I.R.C. § 6672 | 03/31/2009 | 01/02/2012 | $201,844.03 |
| I.R.C. § 6672 | 06/30/2009 | 12/26/2011 | $106,731.56 |
| I.R.C. § 6672 | 09/30/2009 | 12/26/2011 | $150,408.65 |

**Stonegate Construction Inc. (Abe)**

| Tax | Period | Date Assessed | Amount Assessed |
|-----|--------|---------------|-----------------|
| I.R.C. § 6672 | 06/30/2008 | 08/24/2009 | $105,824.36 |
| I.R.C. § 6672 | 09/30/2008 | 11/14/2011 | $98,555.80 |
| I.R.C. § 6672 | 12/31/2008 | 11/14/2011 | $83,494.35 |
| I.R.C. § 6672 | 03/31/2009 | 11/14/2011 | $33,636.43 |
| I.R.C. § 6672 | 06/30/2009 | 11/14/2011 | $24,472.87 |
| I.R.C. § 6672 | 12/31/2009 | 11/14/2011 | $16,415.42 |

**Food Service Management Inc. (Abe)**

| Tax | Period | Date Assessed | Amount Assessed |
|-----|--------|---------------|-----------------|
| I.R.C. § 6672 | 03/31/2007 | 09/07/2009 | $152,824.62 |
| I.R.C. § 6672 | 06/30/2007 | 09/07/2009 | $50,371.06 |
| I.R.C. § 6672 | 09/30/2007 | 09/07/2009 | $196,731.93 |
| I.R.C. § 6672 | 12/31/2007 | 09/07/2009 | $181,771.01 |
| I.R.C. § 6672 | 03/31/2008 | 09/07/2009 | $176,147.88 |
| I.R.C. § 6672 | 06/30/2008 | 09/07/2009 | $49,474.20 |
| I.R.C. § 6672 | 09/30/2008 | 01/09/2012 | $179,483.53 |
| I.R.C. § 6672 | 12/31/2008 | 01/09/2012 | $177,594.90 |
| I.R.C. § 6672 | 03/31/2009 | 01/09/2012 | $138,203.56 |
| I.R.C. § 6672 | 06/30/2009 | 01/09/2012 | $157,593.34 |
| I.R.C. § 6672 | 09/30/2009 | 01/09/2012 | $128,304.03 |

**Lake Orta Corporation (Abe)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 09/30/2009 | 10/08/2012 | $26,236.01 |
| I.R.C. § 6672 | 12/31/2009 | 10/08/2012 | $47,225.55 |
| I.R.C. § 6672 | 03/31/2010 | 10/08/2012 | $22,904.94 |
| I.R.C. § 6672 | 06/30/2010 | 10/08/2012 | $36,448.86 |
| I.R.C. § 6672 | 09/30/2010 | 10/08/2012 | $28,719.30 |
| I.R.C. § 6672 | 12/31/2010 | 10/08/2012 | $42,395.36 |

**Sierra Valley Restaurants Inc. (Abe)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 03/31/2007 | 10/19/2009 | $30,125.09 |
| I.R.C. § 6672 | 09/30/2007 | 10/19/2009 | $52,334.45 |
| I.R.C. § 6672 | 12/31/2007 | 10/19/2009 | $40,949.44 |
| I.R.C. § 6672 | 06/30/2008 | 10/19/2009 | $4,599.34 |
| I.R.C. § 6672 | 09/30/2008 | 12/19/2011 | $30,499.83 |
| I.R.C. § 6672 | 12/31/2008 | 12/19/2011 | $56,352.36 |
| I.R.C. § 6672 | 03/31/2009 | 12/19/2011 | $39,699.40 |
| I.R.C. § 6672 | 06/30/2009 | 12/19/2011 | $32,236.13 |
| I.R.C. § 6672 | 09/31/2009 | 12/19/2011 | $22,183.77 |

**Delightful Dining Inc. (Abe)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 09/30/2007 | 10/12/2009 | $11,220.04 |
| I.R.C. § 6672 | 12/31/2007 | 10/12/2009 | $19,882.43 |
| I.R.C. § 6672 | 06/30/2008 | 09/14/2009 | $26,752.52 |
| I.R.C. § 6672 | 09/30/2008 | 11/28/2011 | $26,901.55 |
| I.R.C. § 6672 | 12/31/2008 | 11/28/2011 | $29,065.84 |
| I.R.C. § 6672 | 03/31/2009 | 11/28/2011 | $28,664.51 |
| I.R.C. § 6672 | 06/30/2009 | 11/28/2011 | $3,954.35 |
| I.R.C. § 6672 | 09/30/2009 | 11/28/2011 | $22,276.50 |
| I.R.C. § 6672 | 12/30/2009 | 11/28/2011 | $17,845.94 |
| I.R.C. § 6672 | 03/31/2010 | 11/28/2011 | $13,874.65 |

*U.S. Complaint*

**Kobra Associates (Abe)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 03/31/2007 | 08/31/2009 | $210,873.30 |
| I.R.C. § 6672 | 06/30/2007 | 08/31/2009 | $90,309.13 |
| I.R.C. § 6672 | 09/30/2007 | 08/31/2009 | $335,095.92 |
| I.R.C. § 6672 | 12/31/2007 | 08/31/2009 | $327,898.35 |
| I.R.C. § 6672 | 03/31/2008 | 08/31/2009 | $221,600.50 |
| I.R.C. § 6672 | 06/30/2008 | 09/07/2009 | $72,350.46 |
| I.R.C. § 6672 | 09/30/2008 | 01/02/2012 | $298,782.86 |
| I.R.C. § 6672 | 12/31/2008 | 12/26/2011 | $330,159.24 |
| I.R.C. § 6672 | 03/31/2009 | 12/26/2011 | $363,048.93 |
| I.R.C. § 6672 | 06/30/2009 | 01/02/2012 | $86,792.19 |
| I.R.C. § 6672 | 09/30/2009 | 01/02/2012 | $286,615.11 |

**Voyager Restaurant Group Inc. (Abe)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 06/30/2010 | 12/19/2011 | $20,396.91 |
| I.R.C. § 6672 | 09/30/2010 | 12/19/2011 | $62,375.53 |
| I.R.C. § 6672 | 12/31/2010 | 12/19/2011 | $67,693.66 |
| I.R.C. § 6672 | 03/31/2011 | 12/19/2011 | $33,586.67 |

42.     Timely notice of and demand for payment of the assessments set forth in paragraph 41, above, has been made upon Abe Alizadeh as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

43.     Despite notice and demand for payment of the assessments set forth in paragraph 41, above, Abe Alizadeh has neglected, refused, or failed to pay the tax assessments against him and, as of February 28, 2014, there remains due and owing to the United States on those assessments, after application of credits and accrual of interest and other statutory additions as provided by law, the total sum of $7,579,324.11.

**THIRD CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT
FEDERAL TAX ASSESSMENTS MADE PURSUANT
TO 26 U.S.C. § 6672 AGAINST MIKE ALIZADEH**

44.     The United States incorporates by reference the allegations contained in paragraphs 1 through 43.

45.     Meran Alizadeh ("Mike Alizadeh") was a person required to collect, truthfully account for, and pay over withheld trust fund taxes due and owing from the employers and for the tax periods identified in the tables set forth below in paragraph 47.

46.     Mike Alizadeh willfully failed to collect, truthfully account for, and pay over trust fund taxes due and owing from the employers and for the tax periods identified in the tables set forth below in paragraph 47.

47.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Mike Alizadeh, pursuant to 26 U.S.C. § 6672 as a result of his willful failure to collect, truthfully account for, and pay over to the United States taxes required to be withheld from wages paid to the employees of the following employers:

**Voyager Restaurant Group Inc. (Mike)**

| Tax | Period | Date Assessed | Amount Assessed |
|-----|--------|---------------|-----------------|
| I.R.C. § 6672 | 06/30/2010 | 12/26/2011 | $20,396.91 |
| I.R.C. § 6672 | 09/30/2010 | 12/26/2011 | $62,375.53 |
| I.R.C. § 6672 | 12/31/2010 | 12/26/2011 | $67,693.66 |
| I.R.C. § 6672 | 03/31/2011 | 12/26/2011 | $33,586.67 |

*U.S. Complaint*

**Pacific   Inc. (Mike)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 12/31/2008 | 12/26/2011 | $133,830.41 |
| I.R.C. § 6672 | 03/31/2009 | 12/26/2011 | $222,739.19 |
| I.R.C. § 6672 | 06/30/2009 | 12/26/2011 | $167,666.83 |
| I.R.C. § 6672 | 09/30/2009 | 12/26/2011 | $167,812.00 |
| I.R.C. § 6672 | 12/31/2009 | 12/26/2011 | $1,036.37 |

**Capital City Restaurants Inc. (Mike)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 12/31/2005 | 03/25/2009 | $177,978.87 |
| I.R.C. § 6672 | 03/31/2006 | 03/25/2009 | $275,291.14 |
| I.R.C. § 6672 | 06/30/2006 | 03/25/2009 | $232,059.97 |
| I.R.C. § 6672 | 09/30/2006 | 03/25/2009 | $311,239.03 |
| I.R.C. § 6672 | 12/31/2006 | 03/25/2009 | $133,784.61 |
| I.R.C. § 6672 | 03/31/2007 | 03/25/2009 | $88,922.10 |
| I.R.C. § 6672 | 12/31/2007 | 05/16/2011 | $4,616.12 |
| I.R.C. § 6672 | 06/30/2008 | 05/16/2011 | $53,522.52 |
| I.R.C. § 6672 | 09/30/2008 | 05/16/2011 | $218,253.77 |
| I.R.C. § 6672 | 12/31/2008 | 05/16/2011 | $149,919.59 |
| I.R.C. § 6672 | 03/31/2009 | 05/16/2011 | $109,515.63 |
| I.R.C. § 6672 | 06/30/2009 | 05/16/2011 | $162,854.11 |
| I.R.C. § 6672 | 09/30/2009 | 05/16/2011 | $125,613.62 |
| I.R.C. § 6672 | 12/31/2009 | 05/16/2011 | $6,907.21 |

**Great Northwest Restaurants Inc., DBA TGI Fridays (Mike)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 06/30/2000 | 02/21/2005 | $256,988.62 |
| I.R.C. § 6672 | 09/30/2000 | 02/21/2005 | $317,805.05 |
| I.R.C. § 6672 | 12/31/2000 | 02/21/2005 | $231,607.20 |
| I.R.C. § 6672 | 03/31/2001 | 02/21/2005 | $62,865.99 |
| I.R.C. § 6672 | 12/31/2001 | 02/21/2005 | $206,570.97 |
| I.R.C. § 6672 | 06/30/2002 | 02/21/2005 | $232,265.88 |

*U.S. Complaint*

**Capital City Concepts (Mike)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 12/31/2006 | 03/29/2010 | $14,770.89 |
| I.R.C. § 6672 | 03/31/2007 | 03/29/2010 | $33,237.73 |
| I.R.C. § 6672 | 09/30/2008 | 03/29/2010 | $50,437.11 |
| I.R.C. § 6672 | 03/31/2009 | 03/29/2010 | $9,353.36 |
| I.R.C. § 6672 | 06/30/2009 | 03/29/2010 | $35,723.69 |
| I.R.C. § 6672 | 09/30/2009 | 10/24/2011 | $43,484.66 |
| I.R.C. § 6672 | 12/31/2009 | 10/24/2011 | $50,328.80 |
| I.R.C. § 6672 | 03/31/2010 | 10/24/2011 | $45,172.12 |
| I.R.C. § 6672 | 06/30/2010 | 10/24/2011 | $20,993.60 |

**Suede Blue (Mike)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 12/31/2010 | 11/19/2012 | $13,882.20 |

**North Valley Food Services Inc. (Mike)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 06/30/2009 | 03/04/2013 | $9,533.05 |
| I.R.C. § 6672 | 09/30/2009 | 03/04/2013 | $10,848.56 |
| I.R.C. § 6672 | 12/31/2009 | 03/04/2013 | $1,679.71 |
| I.R.C. § 6672 | 03/31/2010 | 03/04/2013 | $7,667.43 |
| I.R.C. § 6672 | 06/30/2010 | 03/04/2013 | $4,470.47 |

48.     Timely notice of and demand for payment of the assessments set forth in paragraph 47, above, has been made upon Mike Alizadeh as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

49.     Despite notice and demand for payment of the assessments set forth in paragraph 47, above, Mike Alizadeh has neglected, refused, or failed to pay the tax assessments against him and, as of February 28, 2014, there remains due and owing to the United States on those

-13-                    *U.S. Complaint*

1   assessments, after application of credits and accrual of interest and other statutory additions as

2   provided by law, the total sum of $10,159,609.44.

3   **FOURTH CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT
    FEDERAL TAX ASSESSMENTS MADE PURSUANT
4   TO 26 U.S.C. § 6672 AGAINST AZITA ALIZADEH**

5   50.     The United States incorporates by reference the allegations contained in paragraphs 1

6   through 49.

7   51.     Azita Alizadeh was a person required to collect, truthfully account for, and pay over

8   withheld trust fund taxes due and owing from the employer and for the tax periods identified in

9   the table set forth below in paragraph 51.

10  52.     Azita Alizadeh willfully failed to collect, truthfully account for, and pay over trust fund

11  taxes due and owing from the employer and for the tax periods identified in the table set forth

12  below in paragraph 53.

13  53.     On the dates and in the amounts set forth below, a duly authorized delegate of the

14  Secretary of Treasury made timely federal tax assessments against Azita Alizadeh, pursuant to 26

15  U.S.C. § 6672 as a result of her willful failure to collect, truthfully account for, and pay over to

16  the United States taxes required to be withheld from wages paid to the employees of the following

17  employer:

18  **Voyager Restaurant Group Inc. (Azita)**

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| I.R.C. § 6672 | 06/30/2010 | 12/19/2011 | $20,396.91 |
| I.R.C. § 6672 | 09/30/2010 | 12/19/2011 | $62,375.53 |
| I.R.C. § 6672 | 12/31/2010 | 12/19/2011 | $67,693.66 |
| I.R.C. § 6672 | 03/31/2011 | 12/19/2011 | $33,586.67 |

*U.S. Complaint*

54.     Timely notice of and demand for payment of the assessments set forth in paragraph 53, above, has been made upon Azita Alizadeh as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

55.     Despite notice and demand for payment of the assessments set forth in paragraph 53, above, Azita Alizadeh has neglected, refused, or failed to pay the tax assessments against her and, as of February 28, 2014, there remains due and owing to the United States on those assessments, after application of credits and accrual of interest and other statutory additions as provided by law, the total sum of $151,244.50.

**FIFTH CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT**
**FEDERAL TAX ASSESSMENTS MADE PURSUANT**
**TO 26 U.S.C. § 6672 AGAINST MITRA ALIZADEH**

56.     The United States incorporates by reference the allegations contained in Paragraphs 1 through 55, above, as if fully set forth here.

57.     Mitra Alizadeh was a person required to collect, truthfully account for, and pay over withheld trust fund taxes due and owing from the employers and for the tax periods identified in the tables set forth below in paragraph 59.

58.     Mitra Alizadeh willfully failed to collect, truthfully account for, and pay over trust fund taxes due and owing from the employers and for the tax periods identified in the tables set forth below in paragraph 59.

59.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Mitra Alizadeh, pursuant to 26 U.S.C. § 6672 as a result of her willful failure to collect, truthfully account for, and pay over to the United States taxes required to be withheld from wages paid to the employees of the following employers:

-15-                          *U.S. Complaint*

**Voyager Restaurant Group Inc. (Mitra)**

| <u>Tax</u> | <u>Period</u> | <u>Date Assessed</u> | <u>Amount Assessed</u> |
|---|---|---|---|
| I.R.C. § 6672 | 06/30/2010 | 12/19/2011 | $20,396.91 |
| I.R.C. § 6672 | 09/30/2010 | 12/19/2011 | $62,375.53 |
| I.R.C. § 6672 | 12/31/2010 | 12/19/2011 | $67,693.66 |
| I.R.C. § 6672 | 03/31/2011 | 12/19/2011 | $33,586.67 |

**Suede Blue (Mitra)**

| <u>Tax</u> | <u>Period</u> | <u>Date Assessed</u> | <u>Amount Assessed</u> |
|---|---|---|---|
| I.R.C. § 6672 | 12/31/2010 | 11/19/2012 | $13,882.20 |

60.     Timely notice of and demand for payment of the assessments set forth in paragraph 59, above, has been made upon Mitra Alizadeh as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

61.     Despite notice and demand for payment of the assessments set forth in paragraph 59, above, Mitra Alizadeh has neglected, refused, or failed to pay the tax assessments against her and, as of February 28, 2014, there remains due and owing to the United States on those assessments, after application of credits and accrual of interest and other statutory additions as provided by law, the total sum of $151,181.29.

**SIXTH CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT<br>FEDERAL TAX ASSESSMENTS<br>AGAINST VOYAGER RESTAURANT GROUP INC.**

62.     The United States incorporates by reference the allegations contained in paragraphs 1 through 61.

63.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Voyager Restaurant Group

-16-                    *U.S. Complaint*

Inc., for federal employment taxes (Form 941), penalties, and other statutory additions for the below listed tax periods:

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| Form 941 | 06/31/2010 | 10/11/2010 | $47,744.75 |
| Form 941 | 09/31/2010 | 02/07/2011 | $97,761.22 |
| Form 941 | 12/31/2010 | 03/14/2011 | $39,368.68 |
| Form 941 | 03/31/2011 | 08/15/2011 | $52,578.79 |
| Form 941 | 06/30/2011 | 10/10/2011 | $63,270.82 |
| Form 941 | 09/30/2011 | 01/09/2012 | $69,467.06 |
| Form 941 | 12/31/2011 | 04/09/2012 | $60,576.82 |
| Form 941 | 03/31/2012 | 07/16/2012 | $55,245.72 |
| Form 941 | 06/30/2012 | 10/01/2012 | $67,126.02 |
| Form 941 | 09/30/2012 | 01/14/2013 | $73,855.76 |

64.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Voyager Restaurant Group Inc., for federal unemployment taxes (Form 940), penalties, and other statutory additions for the below listed tax periods:

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| Form 940 | 12/31/2010 | 03/21/2011 | $5,271.77 |
| Form 940 | 12/31/2011 | 03/12/2012 | $6,906.89 |

65.     Timely notice of and demand for payment of the assessments set forth in paragraphs 63 and 64, above, has been made upon Voyager Restaurant Group Inc. as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

66.     Despite notice and demand for payment of the assessments set forth in paragraphs 63 and 64 above, Voyager Restaurant Group Inc. has neglected, refused, or failed to pay the tax assessments against it and, with application of credits and plus accrued statutory interest and other

statutory additions as provided by law, as of February 28, 2014, there remains due and owing to the United States on those assessments the total sum of $995,714.11.

**SEVENTH CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT
FEDERAL TAX ASSESSMENTS
AGAINST CAPITAL CITY CONCEPTS, INC.**

67.    The United States incorporates by reference the allegations contained in paragraphs 1 through 66, above, as if fully set forth here.

68.    On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Capital City Concepts, Inc., for federal employment taxes (Form 941), penalties, and other statutory additions for the below listed tax periods:

| **Tax** | **Period** | **Date Assessed** | **Amount Assessed** |
|---|---|---|---|
| Form 941 | 12/31/2006 | 04/02/2007 | $59,603.08 |
| Form 941 | 03/31/2007 | 06/25/2007 | $52,218.96 |
| Form 941 | 09/30/2008 | 12/22/2008 | $100,669.14 |
| Form 941 | 03/31/2009 | 06/29/2009 | $64,927.39 |
| Form 941 | 06/30/2009 | 09/28/2009 | $70,504.68 |
| Form 941 | 09/30/2009 | 12/21/2009 | $72,694.17 |
| Form 941 | 12/31/2009 | 04/05/2010 | $80,697.01 |
| Form 941 | 03/31/2010 | 07/05/2010 | $70,842.07 |
| Form 941 | 06/30/2010 | 11/15/2010 | $33,465.43 |

69.    On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Capital City Concepts, Inc., for federal unemployment taxes (Form 940), penalties, and other statutory additions for the below listed tax periods:

-18-                            *U.S. Complaint*

| Tax | Period | Date Assessed | Amount Assessed |
|-----|--------|---------------|-----------------|
| Form 940 | 12/31/2009 | 04/05/2010 | $6,597.77 |
| Form 940 | 12/31/2010 | 03/14/2011 | $2,844.32 |

70.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Capital City Concepts, Inc., for federal corporate income taxes (Form 1120), penalties, and other statutory additions for the below listed tax periods:

| Tax | Period | Date Assessed | Amount Assessed |
|-----|--------|---------------|-----------------|
| Form 1120 | 12/31/2008 | 01/11/2010 | $267.00 |
| Form 1120 | 12/31/2010 | 10/10/2011 | $1,170.00 |

71.     Timely notice of and demand for payment of the assessments set forth in paragraphs 68, 69, and 70, above, has been made upon Capital City Concepts, Inc. as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

72.     Despite notice and demand for payment of the assessments set forth in paragraphs 68, 69, and 70, above, Capital City Concepts, Inc. has neglected, refused, or failed to pay the tax assessments against it and, with application of credits and plus accrued statutory interest, penalties, and other statutory additions as provided by law, as of February 28, 2014, there remains due and owing to the United States on those assessments the total sum of $666,253.02.

### EIGHTH CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS AGAINST NORTH VALLEY FOOD SERVICE LLC

73.     The United States incorporates by reference the allegations contained in paragraphs 1 through 72, above, as if fully set forth here.

74.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against North Valley Food Service LLC for federal employment taxes (Form 941), penalties, and other statutory additions for the below listed tax periods:

| **Tax** | **Period** | **Date Assessed** | **Amount Assessed** |
|---|---|---|---|
| Form 941 | 12/31/2006 | 03/26/2007 | $28,362.12 |
| Form 941 | 03/31/2007 | 06/25/2007 | $18,940.77 |
| Form 941 | 06/30/2007 | 10/08/2007 | $22,839.63 |
| Form 941 | 12/31/2007 | 03/31/2008 | $20,657.64 |
| Form 941 | 03/31/2008 | 06/09/2008 | $20,406.80 |
| Form 941 | 06/30/2008 | 10/20/2008 | $20,635.23 |
| Form 941 | 09/30/2008 | 12/22/2008 | $21,442.90 |
| Form 941 | 12/31/2008 | 03/09/2009 | $17,605.22 |
| Form 941 | 03/31/2009 | 06/29/2009 | $16,988.67 |
| Form 941 | 06/30/2009 | 10/05/2009 | $19,562.58 |
| Form 941 | 09/30/2009 | 12/21/2009 | $19,105.50 |
| Form 941 | 12/31/2009 | 04/05/2010 | $14,748.45 |
| Form 941 | 03/31/2010 | 06/21/2010 | $13,474.56 |
| Form 941 | 06/30/2010 | 10/11/2010 | $7,777.88 |

75.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against North Valley Food Service LLC for federal unemployment taxes (Form 940), penalties, and other statutory additions for the below listed tax periods:

| **Tax** | **Period** | **Date Assessed** | **Amount Assessed** |
|---|---|---|---|
| Form 940 | 12/31/2006 | 05/07/2007 | $2,697.26 |
| Form 940 | 12/31/2009 | 05/10/2010 | $1,815.02 |
| Form 940 | 12/31/2010 | 03/07/2011 | $822.71 |

*U.S. Complaint*

76.     Timely notice of and demand for payment of the assessments set forth in paragraphs 74 and 75, above, has been made upon North Valley Food Service LLC as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

77.     Despite notice and demand for payment of the assessments set forth in paragraphs 74 and 75, above, North Valley Food Service LLC has neglected, refused, or failed to pay the tax assessments against it and, with application of credits and plus accrued statutory interest and other statutory additions as provided by law, as of February 28, 2014, there remains due and owing to the United States on those assessments the total sum of $165,353.59.

### NINTH CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS AGAINST SUEDE BLUE INC.

78.     The United States incorporates by reference the allegations contained in paragraphs 1 through 77, above, as if fully set forth here.

79.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Suede Blue Inc. (formerly known as Queensland Pride Inc. and Harvest Dining Inc.) for federal employment taxes (Form 941), penalties, and other statutory additions for the below listed tax periods:

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| Form 941 | 09/30/2010 | 12/06/2010 | $37,308.93 |
| Form 941 | 12/31/2010 | 03/28/2011 | $35,943.26 |
| Form 941 | 03/31/2011 | 06/13/2011 | $42,407.04 |
| Form 941 | 06/30/2011 | 10/17/2011 | $36,006.19 |
| Form 941 | 09/30/2011 | 12/26/2011 | $40,780.41 |
| Form 941 | 12/31/2011 | 03/05/2012 | $35,649.32 |
| Form 941 | 03/31/2012 | 06/18/2012 | $41,637.77 |
| Form 941 | 06/30/2012 | 09/17/2012 | $33,994.16 |
| Form 941 | 09/30/2012 | 12/24/2012 | $25,946.27 |

80.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Suede Blue Inc. for federal unemployment taxes (Form 940), penalties, and other statutory additions for the below listed tax periods:

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| Form 940 | 12/31/2010 | 03/14/2011 | $3,075.39 |
| Form 940 | 12/31/2011 | 03/12/2012 | $4,264.60 |

81.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Suede Blue Inc. for federal corporate income taxes (Form 1120), penalties, and other statutory additions for the below listed tax periods:

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| Form 1120 | 12/31/2010 | 10/10/2011 | $1,170.00 |

82.     Timely notice of and demand for payment of the assessments set forth in paragraphs 79, 80, and 81, above, has been made upon Suede Blue Inc. as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

83.     Despite notice and demand for payment of the assessments set forth in paragraphs 79, 80, and 81, above, Suede Blue Inc. has neglected, refused, or failed to pay the tax assessments against it and, with application of credits and plus accrued statutory interest and other statutory additions as provided by law, as of February 28, 2014, there remains due and owing to the United States on those assessments the total sum of $225,018.96.

**TENTH CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT**
**FEDERAL TAX ASSESSMENTS**
**AGAINST LAKE ORTA CORPORATION INC.**

84.     The United States incorporates by reference the allegations contained in paragraphs 1 through 83, above, as if fully set forth here.

85.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Lake Orta Corporation, Inc. for federal employment taxes (Form 941), penalties, and other statutory additions for the below listed tax periods:

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| Form 941 | 09/30/2009 | 12/21/2009 | $82,237.50 |
| Form 941 | 12/31/2009 | 04/05/2010 | $74,228.29 |
| Form 941 | 03/31/2010 | 07/05/2010 | $51,394.03 |
| Form 941 | 06/30/2010 | 11/15/2010 | $60,351.46 |
| Form 941 | 09/30/2010 | 02/07/2011 | $47,477.18 |
| Form 941 | 12/31/2010 | 05/02/2011 | $67,520.23 |
| Form 941 | 03/31/2011 | 08/15/2011 | $68,436.34 |
| Form 941 | 06/30/2011 | 11/14/2011 | $68,077.10 |
| Form 941 | 09/30/2011 | 01/02/2012 | $54,375.35 |
| Form 941 | 12/31/2011 | 03/12/2012 | $54,513.75 |
| Form 941 | 03/31/2012 | 06/11/2012 | $46,382.84 |
| Form 941 | 06/30/2012 | 09/17/2012 | $52,018.49 |
| Form 941 | 09/30/2012 | 12/31/2012 | $43,172.94 |

86.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Lake Orta Corporation, Inc. for federal unemployment taxes (Form 940), penalties, and other statutory additions for the below listed tax periods:

-23-                                    *U.S. Complaint*

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| Form 940 | 12/31/2007 | 05/12/2008 | $10,568.58 |
| Form 940 | 12/31/2008 | 03/16/2009 | $6,331.60 |
| Form 940 | 12/31/2009 | 04/19/2010 | $4,478.75 |
| Form 940 | 12/31/2010 | 03/14/2011 | $4,671.40 |
| Form 940 | 12/31/2011 | 03/12/2012 | $5,471.52 |

87.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Lake Orta Corporation, Inc. for federal corporate income taxes (Form 1120), penalties, and other statutory additions for the below listed tax periods:

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| Form 1120 | 12/31/2009 | 03/07/2011 | $445.00 |

88.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Lake Orta Corporation, Inc. for as a penalty for failure to file correct information returns pursuant to 26 U.S.C. § 6721 for the below listed tax periods:

| Tax | Period | Date Assessed | Amount Assessed |
|---|---|---|---|
| Section 6721 | 12/31/2010 | 05/27/2013 | $13,600.00 |

89.     Timely notice of and demand for payment of the assessments set forth in paragraphs 85, 86, 87, and 88, above, has been made upon Lake Orta Corporation, Inc. as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

90.     Despite notice and demand for payment of the assessments set forth in paragraphs 85, 86, 87, and 88, above, Lake Orta Corporation, Inc. has neglected, refused, or failed to pay the tax

assessments against it and, with application of credits and plus accrued statutory interest and other statutory additions as provided by law, as of February 28, 2014, there remains due and owing to the United States on those assessments the total sum of $1,065,002.14.

## PRAYER FOR RELIEF

Wherefore, the United States respectfully requests the following relief for Claims 1 through 10:

### Claim 1

A.      That the Court find that the defendants have engaged in, and are engaging in, conduct interfering with the enforcement of the internal revenue laws;

B.      That the Court find that permanent injunctive relief under 26 U.S.C. § 7402 and the Court's inherent equity powers is appropriate and necessary to stop defendants' unlawful conduct;

C.      That the Court enter an injunction prohibiting the defendants and any of their officers, employees, representatives, agents, and any other person in active concert or participation with them, specifically including but not limited to the Alizadeh defendants, from doing any of the following:

i.      Failing to withhold and pay over to the IRS all federal employment taxes, including employees' federal income taxes, FICA taxes, and FUTA taxes, as required by law;

ii.      Transferring any money or property to any other entity in order to have the salaries or wages of defendants paid by the transferee; and

*U.S. Complaint*

1    iii.    Assigning or transferring any property or rights to property, or making any

2    disbursements for any purpose, from the date that the permanent injunction is issued until all

3    federal employment tax liabilities that accrue after the injunction date have been paid to the IRS;

4    D.    That the Court enter an injunction requiring the defendants and its officers, employees,

5    representatives, agents, and any other person in active concert or participation with them,

6    specifically including but not limited to the Alizadeh defendants, to do all of the following:

7        i.    For every tax period ending after entry of the injunction, file accurate and timely

8    payroll tax returns and pay any balance due on those returns upon filing;

9        ii.    For the first eight tax periods ending after entry of the injunction, send facsimile

10   copies of the returns to the IRS Revenue Officer assigned to the case on the same day that the

11   returns are filed;

12       iii.    For every tax period ending after entry of the injunction, make all required federal

13   employment tax deposits with its bank within three days of issuing a payroll check and, on the

14   same day the deposit is made, send a facsimile copy of the deposit receipt and a worksheet

15   showing calculation of the amount of the deposit to the IRS Revenue Officer assigned to this

16   case;

17       iv.    Within 30 days of entry of the injunction order, file a complete and accurate

18   employment tax return for any employment tax returns that are due but have not yet been filed;

19       v.    Provide a copy of the Court's injunction order to every person authorized to sign

20   checks on behalf of each defendant, or to authorized to operate a cash register, or otherwise make

21   disbursements of its property, within 14 days of entry of the injunction; and obtain, from each

22   such person, a written acknowledgement of the terms of the injunction and a written commitment

23   that the person will personally determine that all federal employment taxes accruing after the

-26-                  *U.S. Complaint*

1    injunction date have been paid over to the IRS prior to making any disbursement of cash or other

2    property; and file with the Court each such writing within seven days of receiving it;

3             vi.      Provide a copy of the Court's injunction order to each of defendants' employees

4    within 14 days of entry of the injunction;

5    E.      That the Court enjoin each defendant for a period of seven years to notify the Internal

6    Revenue Service in writing within 30 days if they begin to operate any other business enterprise;

7    F.      That the Court's injunction order shall apply to any other business enterprise operated by

8    each defendant, whether now existing or later begun, as if that entity's name were substituted for

9    the defendants in the Court's injunction order;

10   G.      That the Court retain jurisdiction over the case to ensure compliance with its injunction

11   and to issue and enforce all other additional decrees and orders as may be necessary and

12   appropriate to the public interest; and

13                                        **Claim 2**

14   H.      That this Court enter Judgment against Abolghassem (Abe) Alizadeh and in favor of the

15   United States in the amount of $7,579,324.11, less any additional credits according to proof, plus

16   interest and other statutory additions, as provided by law, that have accrued since February 28,

17   2014;

18                                        **Claim 3**

19   I.      That this Court enter Judgment against Meran (Mike) Alizadeh and in favor of the United

20    States in the amount of $10,159,609.44, less any additional credits according to proof, plus

21    interest and other statutory additions, as provided by law, that have accrued since February 28,

22    2014;

23

**Claim 4**

J.      That this Court enter Judgment against Azita Alizadeh and in favor of the United States in the amount of $151,244.50, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since February 28, 2014;

**Claim 5**

K.      That this Court enter Judgment against Mitra Alizadeh and in favor of the United States in the amount of $151,181.29, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since February 28, 2014;

**Claim 6**

L.      That this Court enter Judgment against Voyager Restaurant Group Inc. and in favor of the United States in the amount of $995,714.11, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since February 28, 2014;

**Claim 7**

M.      That this Court enter Judgment against Capital City Concepts, Inc. and in favor of the United States in the amount of $666,253.02, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since February 28, 2014;

**Claim 8**

N.      That this Court enter Judgment against North Valley Food Service LLC and in favor of the United States in the amount $165,353.59, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since February 28, 2014;

**Claim 9**

O.      That this Court enter Judgment against Suede Blue Inc. and in favor of the United States in the amount of $225,018.96, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since February 28, 2014;

**Claim 10**

P.      That this Court enter Judgment against Lake Orta Corporation, Inc., and in favor of the United States in the amount of $1,065,002.14, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since February 28, 2014; and

Q.      That the United States shall be granted its costs and such other and further relief as may be appropriate.

        Respectfully submitted this 28th day of February, 2014.

                        KATHRYN KENEALLY
                        Assistant Attorney General

                        /s/ *G. Patrick Jennings*
                        G. PATRICK JENNINGS
                        Trial Attorney, Tax Division
                        U.S. Department of Justice
                        P.O. Box 683
                        Ben Franklin Station
                        Washington, D.C.  20044-0683
                        guy.p.jennings@usdoj.gov
                        Telephone: (202) 307-6648