UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cv-0577-TLN-KJN |
| Plaintiff, | |
| v. | ORDER |
| ABOLGHASSEM ALIZADEH, et al., | |
| Defendants. | |

Presently pending before the court is the United States' motion for discovery sanctions to be imposed against defendants Abolghassem Alizadeh ("Abe") and Mehran Alizadeh ("Mike"). (ECF No. 39.) Defendants opposed the motion. (ECF No. 50.) At the May 18, 2017 hearing on the motion,[1] attorney Patrick Jennings appeared telephonically on behalf of the United States, and attorney Paul Warner appeared on behalf of defendants. After carefully considering the parties' written briefing and oral argument, the motion is GRANTED IN PART and DENIED IN PART.

////

---

[1] Defendants contend that the motion was improperly noticed on May 1, 2017, for a hearing on May 18, 2017, because Local Rule 230 requires 28 days' notice. That argument lacks merit, because Local Rule 251, the rule applicable to discovery motions, allows a motion to be brought on 14 days' notice: "(1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions." E.D. Cal. L.R. 251(e). As such, the United States' motion was properly noticed.

1

On February 28, 2014, the United States commenced this action against Abe, Mike, and their two other siblings, Mitra Alizadeh ("Mitra") and Azita Alizadeh ("Azita"),[2] as well as various business entities allegedly controlled by them, to obtain a permanent injunction requiring defendants to comply with federal tax laws. The United States also seeks to reduce to judgment various tax assessments in a total amount exceeding $18 million. (ECF Nos. 1, 4, 25.)

For purposes of the present discovery dispute, the United States' motion for discovery sanctions requests: (1) an order awarding expenses related to the depositions of Abe and Mike based on their failure to attend their depositions; and (2) an order barring Abe and Mike from testifying or submitting declarations to defend the case.

According to the United States, Abe and Mike have not responded to any of the written discovery (including requests for admission) in this case. The United States asserts that its pending motion for summary judgment is based in large part on Abe and Mike's failure to respond to the requests for admission, and that it intended to take their depositions to discover whether those defendants potentially have any valid defenses. On January 18, 2017, counsel for the United States, Mr. Jennings, mailed and e-mailed to counsel for defendants, Mr. Warner, amended notices of deposition, setting the deposition of Mike for February 8, 2017, and the deposition of Abe for February 10, 2017. Mr. Jennings arranged for a court reporter and a videographer for both depositions, and traveled from Washington D.C. to Sacramento to conduct the depositions. However, ostensibly without any contact by Mr. Warner, Mike and Abe failed to appear at their depositions, and Mr. Jennings unsuccessfully attempted to reach Mr. Warner by telephone at the time of the depositions, because Mr. Warner did not answer and his voicemail box was full. According to Mr. Jennings, he was unable to reach Mr. Warner until April 14, 2017, when they conferred by telephone regarding this motion. (ECF Nos. 39-1, 39-2.)

Defendants counter that they had attempted to notify the United States of their unavailability for the early February 2017 deposition dates by January 24, 2017, but that Mr.

---

[2] All individual and entity defendants are presently represented by attorney Paul Warner, except for Azita, who is represented by attorney Mir Saied Kashani.

2

Jennings apparently had not received their e-mail communications. Mr. Warner attached several e-mails to his declaration, which appear to support his contention that such e-mail communications were sent to Mr. Jennings. (See ECF No. 50-1.) Defendants further note that, because discovery has since been extended by the court until July 26, 2017, the depositions can now take place, and that the sanctions requested by the United States are inappropriate.

Upon further questioning at the hearing, Mr. Jennings stated that he had never received any e-mails from Mr. Warner related to the case. Mr. Warner confirmed that he did not receive any type of non-delivery notices for the e-mails he sent to Mr. Jennings, and that he had been able to receive e-mails from Mr. Jennings. During the April 14, 2017 meet-and-confer session, Mr. Warner apparently sent a test e-mail to Mr. Jennings, which again was not received.

In light of the above, and although the e-mail glitch is puzzling to say the least, the court accepts Mr. Warner's representations regarding the e-mails that were sent, but apparently never received, by Mr. Jennings. As such, the court declines to enter an order barring Abe and Mike from testifying or submitting declarations to defend the case, and instead orders their depositions to take place on specific dates outlined below during the extended discovery period. The court further finds it inappropriate to order defendants to pay all of the United States' travel expenses associated with the February 2017 depositions.

Nevertheless, the court also finds that defendants are not without blame. Mr. Warner admitted that his voicemail box was full, making it extremely difficult for Mr. Jennings and others to reach him by telephone and leave a voicemail message. Mr. Warner also failed to adequately explain why he did not call Mr. Jennings after multiple e-mails to Mr. Jennings received no response. At the hearing, Mr. Warner indicated that he thinks he placed a telephone call to Mr. Jennings, but the court is troubled by the fact that (a) Mr. Jennings does not recall any such phone call/voicemail, and (b) none of the e-mails sent by Mr. Warner to Mr. Jennings reflect, as one would expect, that he attempted to call Mr. Jennings. Additionally, it does not appear that Mr. Warner has taken any concrete actions to cure his e-mail problems or use a different e-mail address since the parties' April 14, 2017 test e-mail over a month ago. Finally, although not before the court at this juncture, the court also finds it concerning that Mr. Warner

admitted at the hearing that defendants had not responded to the written discovery propounded by the United States, but seemed vague, and at times unaware, of exactly what discovery had been propounded and why responses had not been provided. Therefore, defendants will be required to pay the cost of a court reporter and videographer for the continued depositions of Abe and Mike.

Accordingly, IT IS HEREBY ORDERED that:

1. The United States' motion for discovery sanctions (ECF No. 39) is GRANTED IN PART and DENIED IN PART.
2. Defendants Abe and Mike are ordered to appear for their depositions in Sacramento, California on June 21, 2017, and June 22, 2017. The United States shall send deposition notices to defendants' counsel for those dates, specifying which defendant is to testify on which particular day, as well as the specific time and place of the depositions.
3. If defendants' counsel or either defendant is unable to attend a deposition on those dates, they shall promptly meet and confer with counsel for the United States regarding an alternative date, and the parties may submit a stipulation and proposed order for the court's consideration. If the parties are unable to informally reach an agreement, defendants shall apply for relief from the court. However, defendants are cautioned that, in the absence of a properly documented medical emergency or prescheduled, nonrefundable travel, the court is unlikely to grant relief.
4. Although the United States shall logistically arrange for a court reporter and videographer for both depositions, defendants shall pay the costs of the court reporter and videographer for both June 2017 depositions.
5. The United States' request for additional sanctions is denied at this juncture.

IT IS SO ORDERED.

Dated: May 19, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE